09-4393-cv
Mancuso v. Hynes

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION: "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of May, two thousand ten.

PRESENT:  JON O. NEWMAN,
               CHESTER J. STRAUB,
               REENA RAGGI,
                    *Circuit Judges*.

--------------------------------------------------------

ALFRED MANCUSO,
               *Plaintiff-Appellant*,

       v.                              No. 09-4393-cv

CHARLES J. HYNES, District Attorney of Kings County,
               *Defendant-Appellee*.

--------------------------------------------------------

APPEARING FOR APPELLANT:     ALFRED MANCUSO, *pro se*, Fairport, New York.

SUBMITTING FOR APPELLEE:     Susan Paulson, Assistant Corporation Counsel, The City of New York Law Department, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the September 30, 2009 judgment of the district court is AFFIRMED.

Pro se plaintiff Alfred Mancuso appeals from the dismissal of his complaint under 42 U.S.C. § 1983 alleging violations of his Fourteenth Amendment rights to due process and access to the courts. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review de novo a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), see Hardy v. N.Y. City Health & Hosps. Corp., 164 F.3d 789, 792 (2d Cir. 1999), under the same standard applicable to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), see Hayden v. Paterson, 594 F.3d 150, 157 n.4 (2d Cir. 2010). Thus, we must accept the factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Gill v. Pidlypchak, 389 F.3d 379, 384 (2d Cir. 2004). Although we liberally construe a pro se complaint, see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), it must plead sufficient facts "to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (applying Iqbal and Twombly to pro se complaint). Mancuso fails to satisfy this pleading burden.

Mancuso's claims appear to be predicated in the main on the invalidity of the indictment underlying his 1978 felony murder conviction. Because success on such claims "would necessarily imply the invalidity of his conviction or sentence," a precondition to their

2

pursuit was a pleading that Mancuso's underlying conviction had been reversed, expunged, invalidated, or impugned. Heck v. Humphrey, 512 U.S. 477, 486-89 (1994). This "favorable termination rule" applies with equal force "no matter the relief sought (damages or equitable relief) [or] the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); see also Edwards v. Balisok, 520 U.S. 641, 646-48 (1997) (applying Heck rule to claims for declaratory relief). Because Mancuso does not allege that his conviction has been overturned or declared invalid, he fails to satisfy the "favorable termination rule."

We need not here decide whether Mancuso's allegation about the denial of access to grand jury minutes might nevertheless state a due process claim falling outside Heck because such a claim would, in any event, be untimely. Mancuso's complaint alleges that he was denied access to grand jury records in 2002. His complaint, filed in 2007, thus falls well outside the three-year statute of limitations for § 1983 claims brought in New York. See Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004); Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994).

Accordingly, the district court properly dismissed the complaint.

We have considered Mancuso's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3